UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION DIVISION

KEVIN KLATTE, ON BEHALF OF　　　　CASE NO.:　1:17-CV-516
HIMSELF AND THOSE
SIMILARLY SITUATED,　　　　　　　JUDGE:

　　　　　Plaintiff,　　　　　　　　MAGISTRATE JUDGE:

vs.

LASERSHIP, INC.

　　　　　Defendant.　　　　　　　Jury Demand Endorsed Hereon
_____/

CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, by and through the undersigned attorneys, sues the Defendant, LASERSHIP, INC., and alleges:

1.　　Plaintiff and other courier drivers were misclassified as independent contractors by Defendant under the FLSA and Ohio law.  As a result of this misclassification, these drivers are not paid overtime wages nor are they guaranteed appropriate minimum wages for their work performed in violation of the Fair Labor Standards Act and Ohio law.  Each of these similarly situated drivers are paid under a uniform system and misclassified as independent contractors.  As a result of this pay practice, these misclassified drivers have not been paid any overtime wages whatsoever for their overtime hours worked and also have not been paid the

appropriate minimum wages in some weeks worked by them.

2. Plaintiff brings this action under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Ohio law. This action seeks appropriate monetary and equitable relief for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and other relief under the FLSA, 29 U.S.C. § 216(b), the Ohio Constitution Article II Section 34(a), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.01, et seq., and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15.

## General Allegations

3. Plaintiff worked for Defendant from approximately February 2016 to February 2017 out of Defendant's Cincinnati location.

4. Plaintiff and those similarly situated delivery drivers were classified as independent contractors and were paid by job/route or sometimes paid by the hour for warehouse work.

5. Defendant, LASERSHIP, INC., is a foreign corporation that operates and conducts business in, among other locations, Cincinnati, Ohio and is therefore within the jurisdiction of this Court.

6. Defendant operates a delivery/courier service which delivers items throughout the eastern United States. *See* www.lasership.com.

7. Based on information and belief, Defendant acquired Prestige Delivery Systems, Inc. (hereinafter "Prestige Delivery"), another delivery courier company, several years ago and acquired numerous courier drivers from Prestige Delivery in the

transaction.

8. The drivers who previously worked for Prestige Delivery primarily worked in Ohio, Indiana, Kentucky, Maryland, Michigan, New York, Virginia and West Virginia and began working for Defendant.

9. These delivery drivers who had worked for Prestige Delivery had executed independent contractor agreements with Prestige Delivery.

10. After Defendant acquired Prestige Delivery, Defendant paid these drivers for work performed.

11. This action is brought under the FLSA, the Ohio Constitution Article II Section 34(a), the OMFWSA, and OPPA to recover from Defendant overtime compensation, minimum wages, liquidated damages, additional damages, and reasonable attorneys' fees and costs. This action is intended to include each and every driver who contracted with Prestige Delivery only as an independent contractor but who was paid by Defendant at any time within the past three (3) years (hereinafter "Prestige drivers").

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

13. This Court has supplemental jurisdiction over Plaintiff's OMFWSA, Ohio law, and Ohio Constitutional claims pursuant to 28 U.S.C. §1367.

14. At all material times relevant to this action, Defendant earned more than $500,000.00 per year in gross sales.

15. Within the last three years, Defendant employed at least two employees engaged in interstate commerce or who handled goods, materials or supplies which had travelled in interstate commerce.

16. Such goods, materials and supplies include vehicles, telephones, computers, office equipment and furniture, and other items which originated from outside the state of Ohio.

17. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff and the other Prestige drivers were engaged in interstate commerce during their employment with Defendant as a result of routine and daily transportation of goods and materials which had travelled in interstate commerce.

19. Plaintiff and the other Prestige drivers' job duties included delivering packages and picking up packages to/from Defendant's customers.

### Allegations Regarding Defendant's Illegal Pay Policies and Practices

20. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, Ohio Constitution, Article II § 34(a), OMFWSA, O.R.C. §4111.01, *et seq.,* and the OPPA because Plaintiff and the other Prestige drivers performed work for Defendant for which no provisions were made by Defendant to properly pay Plaintiff and the other Prestige drivers for those hours in excess of forty (40) within a work week and to ensure that they received at least the minimum wage.

21. To service its customers, Defendant hires "independent contractor"

drivers to accomplish the deliveries.

22. As described above, included in these drivers are drivers who contracted with Prestige Delivery only but were paid by LaserShip for the work performed.

23. Because Defendant classifies the Prestige drivers as independent contractors, Defendant does not pay overtime compensation for overtime hours worked to these delivery drivers.

24. Defendant also does not ensure that Plaintiff and the other Prestige drivers are paid the minimum wage for each and every week worked.

25. Defendant has misclassified Plaintiff and the other Prestige drivers as independent contractors.

26. However, the economic reality is that Plaintiff and the other Prestige drivers are/were economically dependent upon Defendant.

27. Defendant maintains extensive control over Plaintiff and the other Prestige drivers who work for Defendant.

28. Defendant maintained exclusive control over the rates charged its customers for deliveries completed by Prestige drivers.

29. Plaintiff and the other Prestige drivers could not negotiate higher or lower rates with these customers.

30. Defendant maintained exclusive control over the amount that each Prestige driver received as compensation.

31. Defendant maintained exclusive control over all other fees, including uniform, administrative fees, or fuel surcharge fees, charged to Plaintiff and the other

Prestige drivers.

32. Defendant required Plaintiff and the other Prestige drivers to purchase certain equipment for the job, including a specific uniform, and other delivery equipment.

33. Defendant required Plaintiff and other Prestige drivers to use a specific handheld device to scan packages and which tracked the Prestige drivers by GPS.

34. Defendant required Plaintiff and the other Prestige drivers to wear a uniform with LaserShip's name on it.

35. Defendant required Plaintiff and the other Prestige drivers to display LaserShip logos on their vehicles.

36. Defendant monitored Plaintiff and the other Prestige drivers with GPS monitoring from the handheld devices.

37. Defendant required Plaintiff and the other Prestige drivers to report to a LaserShip dispatcher on a daily basis.

38. Defendant assigned work to Plaintiff.

39. Defendant assigned work to the other Prestige drivers.

40. Defendant would direct Plaintiff to pick up and drop off deliveries to Defendant's customers.

41. Defendant directs the other Prestige drivers to pick up and drop off deliveries to Defendant' customers.

42. During their employment with Defendant, Plaintiff and the other Prestige drivers were not allowed to transport deliveries for competitors of Defendant.

6

43. Customers of Defendant paid Defendant directly for deliveries.

44. Customers of Defendant do not regularly give payment to Plaintiff or the other Prestige drivers.

45. Defendant would assign Plaintiff and the other Prestige drivers to certain routes Defendant had established.

46. Plaintiff and the other Prestige drivers were not allowed to leave these routes without express permission from Defendant.

47. Plaintiff and the other Prestige drivers typically worked for Defendant "full-time."

48. Plaintiff and the other Prestige drivers worked for Defendant for months or even years continuously.

49. Plaintiff and the other Prestige drivers were not allowed to let any other persons ride with them while performing their duties for Defendant.

50. Plaintiff and the other Prestige drivers did not do any marketing or advertising on behalf of Defendant.

51. Defendant utilized its own different employees to market and advertise for Defendant's services.

52. Defendant employs over 1,600 other employees to assist in the operation of its transportation and delivery business. *See* www.lasership.com/careers.php.

53. Periodically, Defendant would publish memorandums and guidelines to Plaintiff and the other Prestige drivers, which they were then required to follow.

54. The transportation and delivery job duties performed by Plaintiff and the other Prestige drivers did not require advanced training or a special skill.

55. Defendant has employed and continues to employ other Prestige drivers as independent contractor delivery drivers who performed the same or similar job duties under the same pay provision as Plaintiff.

56. The additional persons who may become plaintiffs in this action are the other Prestige drivers who were misclassified as independent contractors and who held positions similarly situated to Plaintiff and who did not receive minimum wages or overtime compensation.

57. Upon information and belief, the records, to the extent any exist and are accurate, concerning the deliveries made and amounts paid to Plaintiff and the other Prestige drivers are in the possession and custody of Defendant.

58. However, Defendant failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiff and the other Prestige drivers in violation of 29 C.F.R. § 516.20.

## Class Action Allegations

59. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (3) of the Federal Rules of Civil Procedure.

60. Application of Defendant's illegal pay practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum and

overtime wages applies to all class members. Accordingly, the class members are defined as:

> **All drivers who contracted with Prestige Delivery only as independent contractors but who were paid by LaserShip within the last three years and who were not paid at least minimum wage for some hours worked and/or who were not compensated at time-and-one half for some hours worked in excess of forty hours in one or more workweeks.**

61. Pursuant to the OMFWSA. OPPA, and the Ohio Constitution, Plaintiff brings this claim on behalf of all persons that Defendant employed at any time from three years prior to the filing of this complaint to the entry of judgment in this case (the "Class Period").

62. Plaintiff brings this claim on behalf of all class members within the meaning of the OMFWSA that were not paid at least minimum wage for each hour worked and/or were not paid at one and a half times their normal hourly rate for each hour worked in excess of forty per week ("the Class").

63. The people identified in the Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendant. Upon information and belief, there are over one hundred members of the Class during the Class Period.

64. Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

65. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

66. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour actions.

67. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

68. There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class. These questions include but are not limited to:

   a. Whether Defendant employed members of the Class within the meaning of the OMFWSA and Article II, Section 34(a) of the Ohio Constitution;

   b. Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

   c. What proof of hours worked is sufficient where employers fail in their duty to maintain records;

   d. Whether Defendant failed and/or refused to pay the members of the Class at least minimum wages for all hours Defendant suffered or permitted them to work;

  e. Whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the OMFWSA;

  f. Whether Defendant misclassified Plaintiff and other class members as independent contractors;

  g. Whether Defendant is liable for all damages claimed hereunder, including but not limited to, double damages, treble damages, costs, disbursements, and attorney's fees; and

  h. Whether Defendant should be enjoined from such violations of the OMFWSA and Article II, Section 34(a) of the Ohio Constitution.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

69. All preceding paragraphs are fully re-alleged and incorporated herein.

70. Plaintiff and the other Prestige drivers are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

71. During their employment with Defendant, Plaintiff and the other Prestige drivers were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked in violation of the FLSA.

72. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other Prestige drivers overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the other Prestige drivers have suffered damages plus incurring

reasonable attorneys' fees and costs.

73. Defendant did not have a good faith basis for its decision to classify Plaintiff and the other Prestige drivers as independent contractors.

74. In fact, Defendant has been sued by other drivers previously under the FLSA, and often has settled such claims with those drivers. *See, e.g.*, *Araujo v. Laser Courier, Inc.*, Case No. 1:14-cv-22365-MGC (S.D. Fla. 2014) (Docket Entries 9 and 10); and *Perez v. Laser Courier, Inc.*, Case No. 6:15-cv-245-PGB-DAB (M.D. Fla. 2015) (Docket Entry 30).

75. Defendant has shown reckless disregard in its repeated non-compliance with the FLSA in misclassifying its drivers as independent contractors.

76. As a result of Defendant's willful violation of the FLSA, Plaintiff and the other Prestige drivers are entitled to liquidated damages.

77. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

78. All preceding paragraphs are fully re-alleged and incorporated herein.

79. Plaintiff and the other Prestige drivers are/were entitled to be paid the

minimum wage for each hour worked per week.

80. During his employment with Defendant, Plaintiff and the other Prestige drivers were misclassified as independent contractors and were not paid the minimum wage for each week of work performed in violation of the FLSA.

81. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other Prestige drivers minimum wages for each hour worked in one or more work weeks, Plaintiff and the other Prestige drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

82. Defendant did not have a good faith basis for its decision to classify Plaintiff and the other Prestige drivers as independent contractors.

83. As a result of Defendant's willful violation of the FLSA, Plaintiff and the other Prestige drivers are entitled to liquidated damages.

84. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION (OHIO LAW)

85. All preceding paragraphs are fully re-alleged and incorporated herein.

86. Plaintiff and the other Prestige drivers are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per

work week.

87. During their employment with Defendant, Plaintiff and the other Prestige drivers were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked in violation of the OMFWSA.

88. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other Prestige drivers overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the other Prestige drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

89. Defendant did not have a good faith basis for its decision to classify Plaintiff and the other Prestige drivers as independent contractors.

90. Additionally, by not paying Plaintiff and the other Prestige drivers their overtime rate for time worked in excess of forty hours in a work week, Defendant has violated the OMFWSA, thus Plaintiff and the other Prestige drivers are entitled to damages.

91. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV - RECOVERY OF MINIMUM WAGES (OHIO LAW)

92. All preceding paragraphs are fully re-alleged and incorporated herein.

93. Plaintiff and the other Prestige drivers are/were entitled to be paid the minimum wage for each hour worked per week.

94. Ohio's current regular minimum wage is $8.15 per hour.

95. During their employment with Defendant, Plaintiff and the other Prestige drivers were misclassified as independent contractors and were not always paid the minimum wage for each week of work performed in violation of the Ohio Constitution, Article II § 34(a).

96. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other Prestige drivers minimum wages for each hour worked in one or more work weeks, Plaintiff and the other Prestige drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

97. Defendant did not have a good faith basis for its decision to classify Plaintiff and the other Prestige drivers as independent contractors.

98. As a result of Defendant's willful violation of the law, Plaintiff and the other Prestige drivers are entitled to additional damages of two times the unpaid wages.

99. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate, damages,

reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V – FAILURE TO MAINTAIN WAGE AND HOUR RECORDS (OHIO LAW)

100. All preceding paragraphs are fully re-alleged and incorporated herein.

101. Article II, Section 34(a) of the Ohio Constitution requires employers to maintain records for each employee showing that employee's name, address, occupation, pay rate, hours worked for each day worked, and each amount paid to an employee for a period of not less than three years following the last date that the employee was employed.

102. Defendant failed and continues to fail to maintain proper records as mandated by Article II, Section 34(a) of the Ohio Constitution.

103. As a result of Defendant's failure to create, keep, and preserve proper wage and hour records, Plaintiff and the other Prestige drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

104. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all damages resulting from Defendant's failure to keep and maintain wage and hour records, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI – FAILURE TO TENDER PAY BY REGULAR PAY DAY (OHIO LAW)

105. All preceding paragraphs are fully re-alleged and incorporated herein.

106. At all relevant times, Defendant failed and continues to fail to make wage payments to Plaintiff and the other Prestige drivers, as outlined above, within 30 days of when such payments were due.

107. As a result of Defendant's failure to timely pay wages, Plaintiff and the other Prestige drivers have suffered damages.

108. Defendant has no reasonable basis to contest that they are obligated to pay wages mandated by the FLSA, the OMFWSA, and/or Article II, Section 34a of the Ohio Constitution.

109. As a result, Plaintiff and the other Prestige drivers are entitled to liquidated damages of the greater of $200 per violation or 6% of the total unpaid wages.

110. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN KLATTE, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all damages resulting from Defendant's failure to timely pay wages, liquidated damages, costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 3rd day of August, 2017.

/s/ Andrew Kimble_____
C. Ryan Morgan, Esq. (*pro hac vice application forthcoming*)
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979

Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425-8171
Email: RMorgan@forthepeople.com

Michael N. Hanna, Esq. (*pro hac vice forthcoming*)
Florida Bar. No 85035
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
Email: MHanna@forthepeople.com

Andrew Biller, Esq.
OBN 0081452
Markovits, Stock & DeMarco LLC
Easton Town Center
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 583-8107
Email: abiller@msdlegal.com

Andrew Kimble, Esq.
OBN 0093172
Markovits, Stock & DeMarco LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 665-0213
Facsimile: (513) 665-0219
Email: akimble@msdlegal.com

Attorneys for Plaintiff and the Class

## JURY DEMAND

Plaintiff requests a trial by jury of 12 persons.

/s/ Andrew Kimble
Andrew Kimble